(December 8, 1897.)

## BOARD OF COMMISSIONERS OF SHOSHONE COUNTY v. MAYHEW, JUDGE.

[51 Pac. 411.]

MANDAMUS—WHEN WILL NOT LIE.—Mandamus will not lie to reverse the order of an inferior tribunal continuing the hearing of an action or proceeding before it, when such inferior tribunal is exercising a judicial discretion vested in it by law.

(Syllabus by the court.)

Original proceeding by *mandamus.*

W. B. Heyburn, for Petitioner.

The question to be presented upon this petition is whether or not this court will, by its writ of mandate, compel said judge to fix a time and place convenient to himself for the hearing of said appeal, as provided in section 1777 of the Revised Statutes, and the act of March 6, 1895. Section 1776 of said act provides that where an appeal, such as that under consideration, is taken, no act or proceeding of the board of county commissioners shall be valid, until after the expiration of the time allowed for appeal or until such appeal, if taken, shall be finally determined. It will appear from the petition that the

proceedings proposed to be instituted for the purpose of determining the validity of the bonds involves a bonded indebtedness of $280,000; that according to the information given the commissioners in the opinion filed on October 13th, upward of $100,000 of this bonded indebtedness is invalid. I think it will also be conceded that if the bond issue is illegal, the commissioners are entitled to institute the proper proceedings to determine the question of their validity without being delayed. In matters of this kind it sometimes occurs that appeals are taken for the purpose of delaying action where financial benefits might result from such delay; and sometimes such appeals, while ostensibly in the name of a private citizen, are taken in the interests of the bondholders, where their interests might be seriously affected in the event of an investigation as to the validity of the bonds. The act of the legislature, approved March 6, 1895, Session Laws, page 50, was evidently intended to provide a speedy remedy for determining the *bona fides* of such appeals, and the duty was imposed upon the judge of hearing such appeals in .a summary manner, without waiting for the regular terms of court.

W. W. Woods, for Defendant.

Mandate. (Rev. Stats., sec. 4976.)  Discretion not subject to mandate.  (*Ex parte McKissick,* 107 Ala. 493, 18 South. 140; *State v. Judges First Circuit Ct. Appeals,* 47 La. Ann. 1516, 18 South. 510.)  Does not lie to review proceedings until after final judgment.  (*Walsh v. St. Clair Circuit Judge,* 107 Mich. 26, 64 N. W. 1045.)  Must show clear legal right.  (*State v. La Grave,* 22 Nev. 417, 41 Pac. 115; Am. & Eng. Ency. of Law, 95, and note; *Hoole v. Kinkead,* 16 Nev. 217.)  See extreme case against discretion.  (*Wood v. Strother,* 76 Cal. 545, 9 Am. St. Rep. 249, 18 Pac. 766; *Ex parte Davenport,* 6 Pet. 661; *Ex parte Denver etc. R. R. Co.,* 101 U. S. 711, 720, refused.)  Although delay might forfeit lands.  (*Ex parte Parker,* 120 U. S. 737, 7 Sup. Ct. Rep. 767; Am. & Eng. Ency. of Law, 108, note 2, p. 109, note 1; *Barksdale v. Cobb,* 16 Ga. 13; High on Extraordinary Legal Remedies, secs. 171, 176, 156; *Tandall's Petition,* 11 Allen (Mass.), 474.)  Not to correct errors if court acts within its jurisdiction.  (Am. &

Eng. Ency. of Law, 119, note 3.) Even if it bears oppressively on relator. (*State v. Mayer,* 10 Mo. App. 540; also *Denver etc. R. R. Co. Case,* 101 U. S. 720.) In this case the court says: "This writ has never been extended so far nor ever used to control the discretion of a court of record of inferior jurisdiction acting within the scope of its jurisdiction."

QUARLES, J.—This is an original proceeding in this court by way of application for a writ of *mandamus* to compel the respondent, as district judge of the first judicial district, to hear at chambers an appeal from an order of the board of county commissioners of Shoshone county to the district court of said district in and for said county. It appears from the petition that said county commissioners made, on the thirteenth day of October, 1897, an order employing W. B. Heyburn as attorney to bring an action contesting the validity of certain bonds theretofore issued by said Shoshone county. From said order one G. Scott Anderson appealed, on the twenty-second day of October, 1897, to said district court, giving notice of appeal, and executing an undertaking on appeal. It further appears that on the twenty-eighth day of October, 1897, the said appellant, by his attorney, W. W. Woods, served upon the respondent, as said district judge, notice, in writing, of the pendency of such appeal, and that the clerk of the said board of commissioners did within five days thereafter transmit to the respondent, as said district judge, copies of all of the papers and proceedings relating to said appeal. It further appears that the petitioner here and its said attorney presented a petition to the respondent, as said district judge, praying that he fix a time for the hearing by him, as such district judge, at chambers, of said appeal, and the hearing on this petition was had on the thirtieth day of October, 1897, whereupon the respondent, as said district judge, made an order refusing to set a time for the hearing of said appeal at chambers, prior to the next term of court in the county from which the appeal is taken. Said order is in words and figures as follows: "This matter coming up before me at chambers at Wallace, in said Shoshone county, on an application, made by W. B. Heyburn on behalf of said county and personally, that said appeal should

be heard speedily, and that I fix a time and place convenient to
me to hear said appeal, and appellant being represented upon
said motion by W. W. Woods, Esq., his attorney, and resisting
said motion, and asking that the hearing of said appeal be
postponed to the next regular term of the district court in Sho-
shone county, upon fully hearing said motion, and considering
said petition, together with the exhibits presented therewith,
said motion to fix a time and place for the hearing of said ap-
peal before the next regular term of said district court is de-
nied, and it is ordered that said appeal shall not be heard be-
fore said next regular term of said court, it being my opinion
that no serious injury will result from such delay. Dated Oc-
tober 30, 1897. A. E. Mayhew, Judge of the District Court of
the First Judicial District of Idaho."

The application made to the district judge to hear said ap-
peal at chambers was made under section 1777 of the Revised
Statutes, as amended by act of March 6, 1895 (Sess. Laws
1895, p. 51), which is as follows: "Such appeal may be taken
to the district court, or the judge thereof, of the judicial dis-
trict of which the county is a part by serving upon the clerk
of the board a notice of appeal so referring to the act, order
or proceeding appealed from as to identify it; that upon notice,
in writing of such appeal being brought by any person to the
attention of such judge, he shall fix the earliest time and a
place, convenient to himself, for the hearing of such appeal,
which may be heard in a summary manner before him, or his
court, and, when in his opinion no serious injury will result
from delay, the hearing shall be had during the next term of
this court in the county from which the appeal comes. When
the appeal is made for the purpose of protecting the interests
of the county and of the people, no requirement shall be made
of the appellant for security of costs, except that when the dis-
trict judge shall be of opinion that such appeal is not made in
good faith, but is for delay and vexation, he may require the
appellant to enter into an undertaking with good sureties in
an amount sufficient to secure the payment of costs, and in all
other cases like undertaking shall be required."

The petition upon which the said application was made is
as follows: "To the Honorable A. E. Mayhew, Judge of said

court: Your petitioner respectfully represents that he is the W. B. Heyburn mentioned in the notice of appeal above mentioned as the person with whom the contract by the board of county commissioners was made, and to whom the warrant mentioned in said notice of appeal was issued. Theretofore, to wit, on the thirteenth day of October, 1897, at the special instance and request of the board of county commissioners of Shoshone county, your petitioner gave to said board his opinion in writing as to the validity of the bonded indebtedness of Shoshone county. That, upon said opinion being given, and considered by the said board of county commissioners, the said board advised your petitioner that they desired to retain his services for the purpose of testing the validity of the said bonded indebtedness, and requested your petitioner to state upon what terms and conditions he would perform such service; whereupon your petitioner, pursuant to said request, advised said board that he would charge them a retainer of $1,000, and that, in case the court should decide that any portion of said bond issue 'series 1' in excess of the sum of $15,000 is illegal, he would charge them a further sum of $5,000; and, in the case the court should decide that any portion in excess of $15,000 of bond issue 'series 2' was illegal, he would charge them a further sum of $3,000. And thereupon the said board of county commissioners agreed to the proposition of your petitioner with reference to fees in said matter, and passed a resolution in regard to the matter, a copy of which is attached to the notice of appeal in this case. That, pursuant to said employment of your petitioner, he has, since the said thirteenth day of October, 1897, been engaged in preparing to take the proper and necessary legal steps to prevent the treasurer of Shoshone county from paying the interest on said bonds which would accrue on the first day of January, 1898. That the preparation of said case requires extensive investigation of authorities as well as the preparation of voluminous papers and documents, and an extensive examination of the records of Shoshone county, in order that the matter may be properly presented to the court, to enable it to determine the question as to the validity of the said bonds. That to properly prepare said case to determine the validity

of said bonds it will occupy a large portion of the time of your petitioner between now and the time when it will be necessary to secure the action of the court to prevent the payment of the interest on said bonds; and, unless the action contemplated by the said board of commissioners is speedily taken, your petitioner believes that the treasurer of Shoshone county will pay the interest on said bonds, and that thereby the said county will be the loser to the extent of the money paid. That it is necessary in the interest of Shoshone county that the question of the validity of the action of the said board of county commissioners in employing your petitioner be speedily determined, and that the question as to the validity of said bonds should be speedily determined. That serious injury would result should the hearing of this appeal be delayed until the next term of the court in Shoshone county. The opinion given to the said board of commissioners by your petitioner, upon which the action appealed from is taken by the board, is herewith presented. Wherefore your petitioner prays that your honor may fix the earliest time and place convenient to your honor for the hearing of said appeal, and that the said appeal may be heard before your honor in a summary manner; and your petitioner will ever pray, etc. W. B. Heyburn, Petitioner."

The respondent moved to quash the alternative writ issued herein upon the ground that this proceeding was commenced by the "board of county commissioners of Shoshone county," without naming them, and that said board is not a corporation or partnership, and cannot sue by such name; and for the further reason that the petition herein was not verified by any person authorized by law to verify it. The respondent then, by consent of the court and of counsel for petitioner, filed return to the writ, without prejudice to said motion. The return raises two questions: 1. That in continuing the hearing of said appeal to the next term of the district court sitting in and for Shoshone county the respondent, as district judge, was exercising a judicial discretion vested in him, and which discretion cannot be controlled by *mandamus.* 2. That the act of March 6, 1895, amending section 1777 of the Re-

vised Statutes, is void, for the reason that said act was not passed in the manner provided by the constitution; and, the said act being void, that the respondent, as such district judge, has no jurisdiction at chambers to hear said appeal. The motion to quash the writ and the proceeding on its merits were argued and considered together.

Under our view of this case it is not necessary to decide the motion to quash the alternative writ. Without deciding the question, we will say that it is exceedingly doubtful whether the board of commissioners of a county, as such, have authority, in the name of the board, to commence a suit or proceeding for the benefit of the county. In this case the name of the petitioner is stated in the petition as "the board of county commissioners of Shoshone county, state of Idaho." Such board of commissioners, as such, is not a corporation, and we know of no authority by which the board can sue by its common name. The board of commissioners do not appear to be the real party in interest. We think that the first point raised by the return is well taken, and fully sustained by authority. The statute above quoted vests in district judges a judicial discretion in passing upon the application to hear at chambers in a summary manner, which cannot be controlled by *mandamus.* The petition presented to the respondent as judge of the first district and herein quoted, raised one question—that of the existence of an urgency or necessity to hear the appeal summarily at chambers, to be decided by him judicially. The terms of the statute under which the said application was made vest in the judge a judicial discretion. The statute says: "When, in his opinion, no serious injury will result from delay, the hearing shall be had during the next term of his court in the county from which the appeal comes." After hearing the application, the respondent district judge judicially determined that "no serious injury will result from such delay." We are now asked to say that the judge of the first judicial district abused the discretion reposed in him. And it is argued here that the county of Shoshone will suffer to the extent of $10,-000 if said appeal is not speedily heard by said judge, inasmuch as the treasurer of Shoshone county will, on January 1st, next, pay interest to that extent on bonds which

are alleged to be void, unless prevented by a suit to be commenced by said Heyburn, as attorney for said county, under the said order. It does not appear that the said treasurer threatens to pay said interest, or that he will disobey the order of said board directing him not to pay said interest, which said order is in effect, although an appeal therefrom is pending. Nor does it appear that it was shown to said district judge that said treasurer would violate his duty, and pay said interest, prior to a determination of said appeal, or during litigation commenced under said orders of said board to test the validity of said bonds. There is no evidence before this court that said treasurer intends to or will violate and ignore the order made by the said board by paying said interest prior to a decision upon such appeal. The counsel for the petitioner asserts that there is danger of said treasurer making such payment. This court, nor any other court, is not justified in finding a fact upon oral assertions made by counsel, however eminent he may be, especially when the finding of such fact imputes to a public officer a violation of official duty. In determining whether the district judge violated his discretion or not, if we should assume to do so, the identical case presented to him should be presented to this court.

The question of law that is here involved is tersely, and, as we think, correctly, stated by Mr. High in his work on Extraordinary Legal Remedies, second edition, at section 176, as follows: "We have thus considered in detail the general rule denying relief by *mandamus* in all cases where the purpose of the application is to control the judgment or interfere with the discretion of the court below. The controlling principle in refusing the interference in all such cases seems to be to leave the inferior court untrammeled in the exercise of its own powers, and to refuse a species of relief which would, in effect, substitute the opinion of the superior for that of the inferior tribunal, and compel the latter to render judgment, not according to its own views of the law, but by substituting another judgment in lieu of its own, while the cause is yet pending before it. Such a procedure would be alike foreign to the nature and purpose of the remedy under consideration, and we may therefore conclude that the doctrine is too firmly

established, both upon principle and authority, to admit of any doubt that *mandamus* will not lie to control the judgment or discretion of an inferior court." The supreme court of California, in *Strong v. Grant,* 99 Cal. 100, 33 Pac. 734, say: "The rule is so well established that it may be said to be universal that the writ of mandate cannot be used to correct the errors of a court in passing upon questions regularly submitted to it in the course of a judicial proceeding, or to control the exercises of its discretion"—citing High on Extraordinary Legal Remedies, secs. 24, 149, 152; Merrill on Mandamus, sec. 187; *State v. Court of Common Pleas,* 38 N. J. L. 182; *Mooney v. Edwards,* 51 N. J. L. 479, 17 Atl. 973; *Davis v. County Commrs.,* 63 Me. 396; *Judges of Oneida Common Pleas v. People,* 18 Wend. 79; *Ex parte Johnson,* 25 Ark. 614; *State v. Norton,* 20 Kan. 506; *Ex parte Koon,* 1 Denio, 644; *People v. Weston,* 28 Cal. 640; *People v. Pratt,* 28 Cal. 166, 87 Am. Dec. 110; *Smith v. Judge of District Court,* 17 Cal. 548; *Lewis v. Barclay,* 35 Cal. 213. We have examined numerous authorities, all to the same effect, but deem it unnecessary to cite further authority. We do not feel justified in announcing the rule that, when a district or inferior court, in the exercise of its discretion, makes an order continuing a case before it, *mandamus* will lie to compel such court to reverse its decision, and hear the case. Such rule would be fraught with great danger, and contrary to authority. This view of the case necessarily disposes of this proceeding, and it is unnecessary to pass upon the second question raised by the return. It is a well-established rule, to which we know of no exception, that courts will not pass upon the validity of a statute, unless it is necessary to a decision of the case before it. In this case it is not necessary to pass on the constitutionality of the act of March 6, 1895. The peremptory writ is denied,

with costs to the defendants.

Huston, J., concurs.

SULLIVAN, C. J., Dissenting.—I regret that I am unable to concur with my brothers. They express doubt as to the right of the board to bring suit in the name of the board. But I understand that doubt is suggested by reason of the

fact that the individual names of the members of the board are not given in the petition. I am of the opinion that this proceeding might have been brought either in the name of the county or board. As it is prosecuted in the name of the board, it would have been well to have given the names of the individual members of it; but it is not absolutely necessary that that should be done, as said board is a continuing one, although the individuals composing it often change. At section 231 of Merrill on Mandamus it is stated as follows: "When the law imposes a power or duty upon a board of officers, and to do it they require the assistance of a *mandamus,* they may apply for it." (See, also, *Holland v. State,* 23 Fla. 123, 1 South. 521.) It is the duty of the board of commissioners to protect their county from the payment of illegal demands, and, if an action is necessary to effect that end, it would be proper to bring such action in the name of the county. In a proceeding of this kind, however, when the acts of the board are questioned, I can see no valid objection to the prosecution of proceedings like that at bar in the name of the board. By the provisions of section 1777 of the Revised Statutes, as amended by the act of March 6, 1895 (see Sess. Laws 1895, p. 51), quoted in the opinion of my associates, is provided a speedy remedy for determining appeals such as this; and the duty is imposed upon the judge of hearing such appeals in a summary manner, without waiting for the regular term of the court. Before the passage of said amendment long delays occurred in the hearing of appeals from the board of county commissioners, and in many instances resulted in great inconvenience and prejudice to private parties, as well as to the interests of the public. Said amendment was enacted to obviate that difficulty, and to expedite public business. Said section, however, provides that when, in the judge's opinion, no serious injury would result from delay, the hearing shall be had during the next term of court in the county whence the appeal comes. In the opinion of my associates it is held that said section vests in the judge a "judicial discretion," which cannot in any case be controlled by *mandamus.* And, as the judge has decided that no serious injury would result from a delay in the hearing of said appeal

until the next term of court to be held in Shoshone county, that ends the matter, regardless of the facts shown by the petition, and that no relief can be given the petitioners by writ of mandate; that the "judicial discretion," as it is termed, of the judge cannot be interfered with by writ of mandate. In support of that proposition, *Strong v. Grant,* 99 Cal. 100, 33 Pac. 733, is cited, with numerous other authorities. The case of *Strong v. Grant* was an original proceeding, in which the court was asked to issue a writ of *mandamus* commanding the judge of the superior court of Yolo county to dismiss a certain criminal action pending against petitioner Strong. The petitioner moved the superior court to dismiss the prosecution against him upon the ground that he had not been brought to trial within sixty days after the filing of the information. Subdivision 2, section 1382 of the Penal Code of California provides: "If a defendant whose trial has not been postponed upon his application is not brought to trial within sixty days after the finding of the indictment or filing the information," the action may be dismissed. In deciding said motion the judge of the superior court took judicial notice of the arrangement of the court calendar and certain other matters set forth in the opinion. The facts of that case warranted the application of the general rule that *mandamus* will not issue to control the exercise of judicial discretion. No abuse of discretion is shown in that case. Chief Justice Beatty, concurring in that opinion, said: "I concede that the petitioner ought not to be discharged unless it should appear that the superior court had abused its discretion in postponing the trial." The chief justice there indicates the exception to the general rule. Section 187 of Merrill on Mandamus is cited in support of the position taken by my brothers. The head-note to that section is as follows: "*Mandamus* does not lie to control the judicial discretion of a court." Numerous authorities are cited under said section as sustaining that rule. The general rule is there stated. In section 188, Mr. Merrill states that there are exceptions to said general rule. The head-note to the last-mentioned section is: "Discretion of a court will be reviewed where it is guided by fraud, passion, prejudice, or adverse interest." Said section proceeds: "Though the rule is general

that the action of the court, in a matter calling for the exercise of its judgment or discretion, will not be reviewed or corrected by this writ, yet the courts will not adhere thereto when it is apparent that the action of the court proceeds from fraud, passion, prejudice, or adverse interest; but such fact must be very clearly proved before the court will interfere by this writ." (*Stockton etc. R. Co. v. City of Stockton,* 51 Cal. 328; *McLeod v. Scott,* 21 Or. 94, 26 Pac. 1061, 29 Pac. 1; High on Extraordinary Legal Remedies, sec. 9.) Under section 40 of Merrill on Mandamus this question is fully discussed. It is clearly shown that an abuse of discretion may be corrected by *mandamus,* and also discusses as to how it may be determined whether there has been an abuse of discretion, and, *inter alia,* says: "Where the respondents give their reasons for their action, which reasons are adjudged to be invalid, of course no difficulty is presented." And: "In some cases courts have held the abuse of discretion to be admitted because the cases were submitted on demurrer to the alternative writ, thereby admitting the charge made in the writ, or because the returns did not properly meet the allegations of the alternative writ." It is shown that courts have full power and authority to determine whether the sound legal judicial discretion given has been abused: In Moses on Mandamus, page 18, it is said: "But this discretion is not an arbitrary one; it is a judicial discretion; and when there is a right, and the law has established no specific remedy, this writ should not be denied." In section 38 of said treatise the exceptions as to interfering with acts involving discretion are stated. It is there said that courts have sometimes interfered in such cases, and have, by the writ of *mandamus,* reviewed the judicial actions of officers of inferior tribunals. In some cases it was held that the admitted facts showed that the action was taken under a misapprehension of the law, so that the officer could not be considered to have exercised his discretion in the matter. In other cases the conclusions reached were due to matters of fact not involved in the discretion given, or mistakes in law not germane thereto. The weight of authority is to the effect that the abuse of discretion can be proved by evi-

dence in the *mandamus* proceedings (see Moses on Mandamus, sec. 41), and may also be shown by return to the writ.

Thus it is shown that the exceptions to the rule that *mandamus* will not issue to control the discretion of a court are as well established as the rule itself. Neither the general rule nor the exceptions thereto authorize *mandamus* to issue where there is a plain, speedy, and adequate remedy in the ordinary course of law. In the case at bar there is no such remedy. The main object and intent of the amendment to section 1777 of the Revised Statutes, was to provide a speedy hearing of appeals from boards of county commissioners. The question whether a summary hearing shall be had is only a preliminary one, and the judge cannot arbitrarily refuse such hearing merely by stating that, in his opinion, no serious injury would result from delay. If the facts shown by the petition and return clearly indicate that injury will result from delay, an abuse of discretion is then established, and the writ should issue. The main question is the hearing of the appeal. Whether a summary hearing shall be given is only preliminary to that.

As to the merits of the main case, this court has nothing to do. The writ of mandate will issue to correct decisions on preliminary questions involving judgment and discretion. (Merrill on Mandamus, secs. 47, 48, 207.) To illustrate: Supposing, on the hearing of the motion for a summary hearing, it was clearly shown that serious injury would result from a delay in hearing the appeal, and the judge, in deciding said motion, would say: "I concede that the facts clearly show that injury would result from a delay, but, owing to the absolute discretion given me, I shall hold that, in my opinion, no serious injury would result from a delay, and shall continue the cause"—would not a writ of mandate issue to compel him to hear the case? I think so. I have put an extreme case, but, supposing the facts show beyond doubt that serious injury would result from delay, would not the writ issue? Under the rule laid down by my brothers, such arbitrary abuse of discretion as above suggested could not be corrected by writ of mandate. The petition for the writ—the alternative writ—and the return thereto are before us, and are the papers on

which this matter is presented to the court for its decision. No testimony was taken. And, if it clearly appears that serious injury would result from a delay of three or four months in hearing said appeal, then the writ should issue; otherwise not. The order refusing to summarily hear said appeal was made on October 30, 1897, and the next term of the district court would not be held before the month of February, 1898, thus making over three months that the hearing of said appeal would be delayed. As the application to Judge Mayhew, requesting a summary hearing, and the orders of the board appealed from, and the order of the judge denying a summary hearing, are set forth in the opinion of my associates, it is not necessary to repeat them here.

The allegation of the danger of the payment of $9,800 interest on said bonds is denied by the defendant on information and belief. Such denial admits the facts. (Merrill on Mandamus, sec. 280.)

It appears from the petition that the board of county commissioners of Shoshone county entertained grave doubts as to the legality of certain interest-bearing bonds which had been issued by said county, and employed W. B. Heyburn to investigate said matter, and, after such investigation, to render to said board his opinion, in writing, as to the validity and legality of said bonds; that said Heyburn proceeded to investigate said matter, and thereafter gave his written opinion thereof to said board, which opinion held that at least a portion of said bonds was invalid, or had been illegally issued. Thereupon said board passed the resolution set forth in the opinion of my associates. Said resolution recites the facts that said board has been advised by legal counsel that a large portion of the bonded indebtedness of Shoshone county is based upon warrants that were issued in violation of law, and that said board deemed it unjust and unlawful for their county to pay interest thereon, and that the county treasurer be instructed not to pay further interest on such bonded indebtedness until it could be determined whether said bonds were legal or not; and that W. B. Heyburn be retained and employed to take such action in the proper courts to test the validity of said bonds, and fixed his compensation for such services; and also

instructed the auditor of said county to draw a warrant in said Heyburn's favor for the sum of $1,000, in payment of the retaining fee agreed upon. A copy of said resolution is attached to the notice of appeal. The appellant, in his notice of appeal, states, among other things, as follows: "This appeal is taken upon questions of both law and fact, and upon the ground that this appellant believes the action of said board of commissioners, in passing said orders, resolutions, or proceedings, illegal, and prejudicial to public interests." Appellant thus concedes that the action of said board appealed from was not only illegal, but prejudicial to public interests. Nevertheless he appeared before the judge, and resisted a summary hearing of said appeal. That is a very strong indication of itself that said appeal was not taken in good faith. The return of the alternative writ admits that said board employed said Heyburn to examine into the legality of said bonds, and that an opinion thereon was presented to said board, and of the passage of the resolutions referred to in said writ, and of the appeal therefrom, and that the defendant proceeded to hear the application for setting the time and place at which to hear said appeal, and that he made the order set forth in the petition, which is as follows: "This matter coming up before me at chambers, at Wallace, in said Shoshone county, on an application made by W. B. Heyburn on behalf of said county and personally, that said appeal should be heard speedily, and that I fix a time and place convenient to me to hear said appeal, and appellant being represented upon said motion by W. W. Woods, Esq., his attorney, and resisting said motion, and asking that the hearing of said appeal be postponed to the next regular term of the district court in Shoshone county, upon fully hearing said motion and considering said petition, together with the exhibits presented therewith, said motion to fix a time and place for the hearing of said appeal before the next regular term of said district court is denied, and it is ordered that said appeal shall not be heard before said next regular term of said court, it being my opinion that no serious injury will result from such delay. Dated October 30, 1897. A. E. Mayhew, Judge of the District

Court of the First Judicial District of Idaho." In his return the judge states that in the matter of setting said appeal for hearing he "took into consideration the reasons argued orally and stated in the petition of the said W. B. Heyburn, and the action of the county commissioners, and the statements and arguments urged contrary thereto," and thereafter exercised "his best judgment and judicial discretion in the matter, with a view, in his judicial opinion, that no injury would result to petitioners from a delay," etc. It appears therefrom that the judge took into consideration certain "reasons" and "arguments" which he fails to show to this court. That is not sufficient. This court, by the alternative writ, commanded him to show cause why he refused to hear said appeal; and his return says that his refusal to hear the appeal was based on certain reasons and arguments, but fails to state what they were. This court has a right to know what those reasons and arguments were on which the judge's opinion was based, but he refuses to give them. He rests his case on the broad ground that he has exercised discretion, and that is the end of it. If he has any good reason on which to base his opinion, he refuses to reveal it. In such a case this court ought to assume that he acted arbitrarily, and without reason. (*Amperse v. City of Kalamazoo,* 59 Mich. 83, 26 N. W. 222, 409.) The board initiated proceedings by which the initial steps had been taken toward bringing an action to test the validity or legality of said bonds. Their action was appealed from. The board cannot proceed further in said matter until the appeal is disposed of.

The interest of the county as well as that of the bondholders demands a speedy termination of said appeal. The validity of the bonds has been questioned. If the bonds are legal, the interest ought to be paid when due. If the treasurer pays the interest when due, and the bonds are held illegal and void, the county will be injured to the extent of the payments made. The treasurer cannot well be restrained from paying the interest when due until a suit is brought to test the validity of said bonds, and the board of commissioners, as a board, cannot bring an action to test the validity of

said bonds until said appeal is heard. Their hands are tied by said appeal. It must be admitted that there is danger in requiring the treasurer to hold a large amount of money. Robbery, theft, or other cause might result in serious injury. I think those matters are worthy of consideration by the judge when called upon to grant a summary hearing in a case of this kind. The delay can serve no good purpose, and it will surely result in serious loss to some of the parties interested.

Te defendant says, in his return, that on the hearing he considered the petition and certain reasons and arguments presented, and exercised his best judgment and judicial discretion, with a view, in his judicial opinion, that no injury would result to the petitioners from a delay in hearing said appeal. That language is very peculiar, to say the least. The petitioners are not the only ones interested in this matter. The people of the county and the bondholders are interested parties. They are the ones to whom injury will result, if anyone, and it appears from said return "he exercised his best judgment and judicial discretion in the matter, with a view [preconceived, I suppose], in his judicial opinion, that no injury would result to petitioners from delay, as in his order on October 30, 1897, recited." It would appear from said quotation that the defendant based his opinion on "reasons and arguments" presented, and therefrom found that the petitioners would suffer no serious injury from delay, but, as the matter involved in said appeal concerns the people of a county and others, he should have considered whether serious injury would result to any or all concerned if the hearing was delayed. He fails and refuses to frankly state the facts on which his opinion is based, and evades and quibbles in regard to the facts. Section 1777 of the Revised Statutes, was amended for the purpose of preventing delays in the hearing of appeals such as the one under consideration. The judge does not state the grounds on which his opinion is based. His opinion is based on the facts as shown by the papers before him, and it clearly appears to me that his decision on those facts was erroneous. This being a preliminary question (the hearing of the appeal is the main question), his action may be reviewed by writ of mandate.

(Merrill on Mandamus, sec. 48.)   In view of the fact that the opinion of my associates disposes of the case upon the points above considered, it is not necessary for me to refer to the remaining questions raised by the record.