(May 6, 1898.)

## STATE ex rel. MISSOULA MERCANTILE COMPANY v. WHELAN, Probate Judge.

[53 Pac. 2.]

MANDAMUS—ORDER TO SELL REAL ESTATE—APPEALABLE ORDER.— Under the provisions of subdivision 5, section 4831, of the Revised Statutes, an order denying the issuance of an order to show cause why the real estate of a decedent should not be sold to pay claims against his estate is an appealable order. A plain, speedy and adequate remedy by appeal having been thus provided, a writ of mandate will not issue to compel the issuance of such order.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

H. F. Samuels, for Appellant.

The court erred in granting the peremptory writ of mandate. (Merrill on Mandamus, sec. 67, p. 77.) It is contrary to the policy of the law that *mandamus* should issue, where its sole purpose and effect is to release the party seeking it from the consequence of his own mistake and omission. (14 Am. & Eng. Ency. of Law, 105; *Klokke v. Stanley,* 109 Ill. 192; 3 Estee's Pleading and Practice, Boone's ed., sec. 5416, and note; *State v. Railroad Co.,* 42 La. Ann. 138, 7 South. 226; *State v. Young,* 38 La. Ann. 923; *Blair v. Mayre,* 80 Va. 485.) *Mandamus* will not lie to compel a public officer to do an act not clearly commanded by law. (14 Am. & Eng. Ency. of Law, 102, and note.) The writ of mandate will not lie if the right of the party applying therefor is not clear. (3 Estee's Pleading and Practice, Boone's ed., sec. 5422; *People v. Spruance,* 8 Colo. 307, 6 Pac. 831.) The order of the probate court denying the sale of the said real estate is an appealable order (Idaho Rev. Stats., sec. 4381, subd. 5), and if respondent was dissatisfied with the ruling of the court they should have appealed, for writ of *mandamus* should not be issued in any case in which there is a plain, speedy and adequate remedy in the ordinary course of law (Idaho Rev. Stats., sec. 4978) and an appeal is a plain, speedy, and adequate remedy. (*Clark v. Minnis,* 50 Cal. 510.) *Mandamus* cannot direct what judgment shall be rendered, and when a decision has been reached in a matter involving discretion a writ of *mandamus* will not lie to review or correct it, no matter how erroneous it may be. (*Pyke v. Steunenberg,* 5 Idaho, 614, 51 Pac. 615; Merrill on Mandamus, sec. 32.)

W. W. Woods, for Respondent.

The writ of *mandamus* is used to quicken the negligence and obviate their denial of justice by inferior courts. When a duty is imposed by law upon a court a *mandamus* from a higher court is the proper means to compel the discharge of such duty. When such duty is so plain in point of law and so clear in matter of fact that no element of discretion is left as to the precise mode of its performance such duty is ministerial, and a

writ of *mandamus* to compel the performance of such duty will specify the exact mode of performance. (Merrill on Mandamus, sec. 186; High on Extraordinary Legal Remedies, 230.) When a court for any cause improperly refuses to proceed in a cause, *mandamus* lies to compel action. (Merrill on Mandamus, sec. 204; High on Extraordinary Legal Remedies, secs. 152, 171.)

SULLIVAN, C. J.—This is an appeal from an order granting a writ of mandate to compel the defendant, the probate judge of Shoshone county (who is appellant), to issue an *alias* order to show cause why the real estate of Edward Paquin's estate should not be sold. It appears from the record that on December 17, 1897, the plaintiff, the Missoula Mercantile Company, filed its petition for the sale of said real estate, and at the same time presented to the appellant, for his signature, an order to show cause in said matter, in which order the date of such hearing was fixed for the eighteenth day of January, 1898. Thereupon the appellant requested the respondent to change said date to the twenty-fourth day of January, 1898. Respondent objected to any change being made, and thereupon the appellant signed said order. On the eighteenth day of January, 1898, the public administrator, who was and is administrator of said estate, filed objections to said petition. Counsel for respondent appeared, and argued the question thus submitted on its merits. It appears that the administrator contended that due and sufficient notice had not been given of such hearing, and that the proceedings in said matter were not regular. It was shown that said order to show cause why said real estate should not be sold as prayed for in said petition was published the first time in the "Wallace Press," a newspaper published at Wallace, in said Shoshone county, on the twenty-second day of December, 1897, and was published in each weekly issue of said newspaper "for the full period of thirty days," the last publication thereof being in the issue dated the twelfth day of January, 1898. As a matter of fact, but three issues of the paper were published. After hearing argument of respective counsel, the court refused to make an order for the sale of said real estate, on the ground that notice thereof had not been pub-

lished the period required by law. Thereupon counsel for
respondent corporation made a motion for the issuance of an
*alias* order to show cause why said real estate should not be sold
as prayed for in the petition aforesaid. Said motion was de-
nied on the ground "that an *alias* order to show cause, based on
said petition, would be contrary to law, and have a tendency to
cloud the title to the property sold under such order, and that
such property would realize a better figure if a new petition
were filed, and notice given accordingly." Thereupon applica-
tion was made to the district court for a writ of mandate to
compel the appellant to issue such order. The petition therefor
and answer thereto set forth substantially the facts as above
stated. The matter was heard by the court, and a peremptory
writ of mandate issued as prayed for, requiring the appellant
to make an *alias* order to show cause why said real estate should
not be sold as prayed for in said petition. This appeal is from
the order or judgment directing the issuance of said peremptory
writ of mandate.

Section 4977 of the Revised Statutes provides, *inter alia,* that
the writ of mandate may be issued to any inferior tribunal to
compel the performance of an act which the law especially en-
joins as a duty resulting from an office, trust or station. Sec-
tion 4978 provides, among other things, that the writ must be
issued in all cases where there is no plain, speedy, and adequate
remedy in the ordinary course of law. Upon a proper showing,
it is the duty of the probate court to issue an order to show
cause why the real estate of a decedent should not be sold; and
the writ of mandate should issue to compel it to be done, in case
of refusal, provided there is no plain, speedy, or adequate rem-
edy at law. Subdivision 5 of section 4831 of the Revised Stat-
utes, provides that an appeal may be taken "against or in favor
of directing the partition, sale, or conveyance of real property."
An order was made denying the sale of said real estate as prayed
for in the petition, on the ground that sufficient notice of the
hearing had not been given. Under the subdivision of said sec-
tion 4831, above quoted, said order was appealable, and the
general rule is that, where an appeal is given, a plain, speedy,
and adequate remedy is provided; and we can see no reason

why the general rule should not apply in this case. The judgment of the lower court is reversed, and costs of this appeal awarded to appellant.

Huston, and Quarles, JJ., concur.