(July 9, 1915.)

BLACKWELL LUMBER COMPANY, a Corporation, Plaintiff, v. JOHN M. FLYNN, Acting Judge of the District Court of the First Judicial District of the State of Idaho, in and for the County of Shoshone, Defendant.

[150 Pac. 42.]

MANDAMUS—WILL NOT ISSUE WHEN REMEDY BY APPEAL IS PLAIN, SPEEDY AND ADEQUATE.

1. A writ of *mandamus* may be issued from this court to any inferior tribunal to compel the performance of an act which the law especially enjoins upon such tribunal as a duty.

2. In this case the acts which the law especially enjoined upon the district judge were performed when he ruled upon the demurrer and entered a judgment, and if error was committed in the performance of such duty the plaintiff herein has its remedy by appeal to this court.

3. The facts alleged in the petition examined and held to be insufficient to invoke relief by *mandamus*.

Petition for writ of *mandamus.* Demurrer sustained; alternative writ quashed, and peremptory writ denied.

John P. Gray and W. F. McNaughton, for Plaintiff.

*Mandamus* is a proper remedy where the judge of the inferior court refuses to proceed because of an erroneous determination by him that he has no jurisdiction. (*Hill v. Morgan,* 9 Ida. 718, 76 Pac. 323; *State ex rel. Miss. River & B. T. R. Co. v. Dearing, Judge,* 173 Mo. 492, 73 S. W. 485.)

"Where a court declines jurisdiction by mistake of law, erroneously deciding as a matter of law and not as a decision upon the facts that it has no jurisdiction, and either declines to proceed or disposes of the case, the general rule is that a *mandamus* to proceed will lie from any higher court having supervisory jurisdiction." (26 Cyc. 190.)

In practically all of the states sustaining the text in Cyc., appeal or writ of error would lie to correct error of the lower court, but the remedy by writ of error or appeal in all cases

delayed the exercise of a right far beyond the delay that would result by *mandamus* proceeding, and on those grounds in all the cases was held to be inadequate. (*State ex rel. Hamilton v. Guinotte,* 156 Mo. 513, 57 S. W. 281, 50 L. R. A. 787.)

C. W. Beale, for Defendant.

"It is not the function of *mandamus* to reverse the orders of inferior courts or tribunals of which they had jurisdiction, but if they had jurisdiction and refused to act, then they may be compelled to act by mandate." (*Connolly v. Woods,* 13 Ida. 591. 92 Pac. 573; *Board of Commrs. v. Mayhew,* 5 Ida. 572, 51 Pac. 411.)

The grievance of the Blackwell Lumber Company is not that Judge Flynn did not act, but that he did not act as it wanted him to act. This court in the case of *State v. Whelan,* 6 Ida. 78, 53 Pac. 2, held that writ of mandate would not issue where there was an appeal from the order complained of.

MORGAN, J.—This case was commenced by filing a petition for writ of mandate to compel the above-named defendant, John M. Flynn, acting judge of the district court of the first judicial district in and for the county of Shoshone, to enter an order in an action which, it is alleged in the petition, is now pending in said court appointing commissioners to assess and determine the damages which will be suffered by the Empire Mill Company, the defendant in said action, by reason of the appropriation and condemnation of a right of way across its land for a logging railroad which the plaintiff above named desires to procure. The prayer of the petition is as follows:

"Wherefore, affiant prays this honorable court for a writ of mandate; that the proceedings hereinbefore referred to may be certified to this honorable court at such time and place as may be determined by the court; that upon the hearing of this matter a peremptory writ of *mandamus* issue, directing the said defendant to hold that the plaintiff has

the right to condemn the lands sought in said action and to appoint commissioners to assess and determine the damages to be suffered by reason of the taking.''

The petition is supported by the affidavit of one R. M. Hart, and attached to the affidavit as exhibits and made a part thereof appear a copy of the following papers: The complaint in the condemnation suit, the demurrer to the complaint, the order of the court sustaining the demurrer, the judgment dismissing the action and the refusal of the judge to appoint commissioners to assess and determine the damages. The order sustaining the demurrer, the judgment and the refusal to appoint commissioners are, omitting the title of the court and cause, as follows:

"ORDER SUSTAINING DEMURRER TO THE COMPLAINT.

''The demurrer of the defendant to the complaint of the plaintiff in the above-entitled action came on to be heard before the judge of the above-entitled court under agreement of the parties at Coeur d'Alene, Idaho, on Wednesday, the 9th day of June, 1915, plaintiff being represented by Messrs. John P. Gray and W. F. McNaughton, and the defendant being represented by Mr. Charles W. Beale; the matter was argued, submitted and taken under advisement, and the judge of the above-entitled court announced that in his opinion the lumber company cannot condemn a right of way for a logging road, whether the road is to be permanent or simply temporary, as in this case, and that the demurrer would therefore be sustained upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

''Wherefore, it is ordered that the said demurrer be and the same hereby is sustained.

''Dated this 22d day of June, 1915.

''JOHN M. FLYNN,

''Judge.''

## "JUDGMENT.

"The demurrer of the defendant to the complaint of the plaintiff herein having been heretofore sustained now the plaintiff announces in court that it will decline to amend and stands upon its said complaint, it is therefore

"Ordered and adjudged that the above cause be dismissed at plaintiff's cost.

"Dated this 23d day of June, 1915.

"JOHN M. FLYNN,<br>"Judge."

"The demurrer to plaintiff's complaint in the above-entitled action having been sustained, I refuse to appoint commissioners to assess and determine the damage which defendant would sustain by reason of the condemnation and appropriation of the lands mentioned in the complaint in said action sought to be condemned.

"Dated this 23d day of June, 1915.

"JOHN M. FLYNN,<br>"Judge."

An alternative writ of mandate was issued and the defendant demurred to the petition and moved to quash the writ.

We are asked, practically, to direct Judge Flynn to set aside the judgment which he has entered, overrule the demurrer which he has sustained and to grant the order appointing commissioners which he has denied.

With respect to the writ of mandate sec. 4977, Rev. Codes, provides: "It may be issued by any court except a justice's or probate court, to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station; . . . . "

In this case the acts which the law especially enjoined as a duty upon the district judge were performed when he ruled upon the demurrer and entered the judgment, and if error was committed in their performance the plaintiff has its remedy by appeal to this court.

In case of *Lindsey v. Carlton,* 44 Colo. 42, 96 Pac. 997, the supreme court of Colorado said:

"It is a fundamental principle that *mandamus* lies to compel the performance of a purely ministerial duty, involving no discretionary right and not requiring the exercise of judgment. It does not lie where performance of a trust is sought which is discretionary, or involves the exercise of judgment. It is also elementary that the writ cannot usurp the functions of a writ of error, or take the place of an appeal, nor will it lie against a court, unless it be clearly shown that such court has refused to perform some manifest duty."

Mr. Justice Fullerton, delivering the opinion of the supreme court of Washington, in *Re Clerf*, 55 Wash. 465, 104 Pac. 622, said:

"A *mandamus* will run to an inferior court to compel it to act when it holds a cause in abeyance and refuses to decide either one way or the other, but it does not lie to control judicial discretion."

In case of *Winfrey v. Benton*, 25 Okl. 445, 106 Pac. 853, an Oklahoma case, it is said, quoting from the syllabus:

"*Mandamus* lies to require a court to exercise its lawful jurisdiction, but not to coerce a particular judgment, or to rectify an erroneous one."

Sec. 4978, Rev. Codes, provides that the writ must be issued in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law and in this case plaintiff contends that its remedy by appeal is not plain, speedy or adequate.

The petition discloses that plaintiff is the owner of certain sawmills and of 280 acres of land upon which are quantities of valuable timber which it desires to transport to its mills and manufacture, and that some of the timber had already been cut into sawlogs; that in order to remove said timber it will be necessary to construct a logging road across the land of the Empire Mill Company, and that unless plaintiff can acquire said right of way and outlet its timber will have to remain standing and undeveloped and the logs which it has already cut will be permitted to spoil. The amount of timber cut into logs is not disclosed.

It is further alleged as a reason the remedy by appeal is neither plain, speedy nor adequate, as follows:

"That one of the objects in seeking to appropriate the lands sought to be acquired in said action was that it is necessary at once for the plaintiff to have facilities for the removing of said timber and the development of its said lands. That an appeal would be entirely ineffectual. That this court does not meet again at Coeur d'Alene until the month of December, 1915. That under the law eminent domain proceedings are proceedings which should be of right speedily determined. That an appeal would be entirely ineffectual and inadequate and would not afford any speedy remedy whatever. That the question of time is an essential and important one, if plaintiff is to have the right to acquire and appropriate the right of way sought in said action.

"That it is prepared to log the said lands. That petitioner would be able to give employment to many additional men at its mills, if it could log said lands, and it has no other lands so situated that it can readily log the same and develop the same, and several months would be lost in making preparations to log other lands, and if the plaintiff is to have the right to condemn, as under the law it is advised by its counsel it has, the right of way sought in this action is or cannot be of any benefit to the plaintiff unless the right is given without further delay.

"Affiant further says that the plaintiff has been unable to operate a night-shift at its sawmill in Coeur d'Alene, Idaho, because of its inability to secure enough logs. That it will require considerable development and railroad building before it can procure logs from other lands owned by plaintiff entailing a delay of some months."

Without discussing the facts above recited we will say they are not sufficient to invoke the relief sought in this proceeding.

In a case very recently decided by this court involving an application for writ of prohibition it is pointed out that in view of the congested condition of our calendar it becomes absolutely necessary, in order to expedite the business of the

court, that we adhere strictly to the law governing writs of prohibition and *mandamus* and that we cannot take into consideration the annoyance, expense or delay incident to the prosecution of the usual remedies provided by law in determining whether or not these extraordinary writs should issue. (See *Olden v. Paxton, ante,* p. 597, 150 Pac. 40, and cases there cited.)

The demurrer to the petition is sustained, the alternative writ is quashed and the peremptory writ denied. Costs are awarded to the defendant.

Sullivan, C. J., and Budge, J., concur.