(July 2, 1917.)

SAINT MICHAEL'S MONASTERY, a Corporation, Plaintiff, v. EDGAR C. STEELE, as Judge of the Second Judicial District of the State of Idaho, and COTTONWOOD WATER & LIGHT COMPANY, LIMITED, a Corporation, Defendants.

[167 Pac. 349.]

MANDAMUS—NOT AVAILABLE WHEN.

1.  The writ of mandate may be employed to require a court to enter a judgment in the exercise of its jurisdiction, but not to control its discretion or direct its decision.

2.  A party considering himself aggrieved by the final judgment of a district court has his plain, speedy and adequate remedy at law by appeal to this court, and where there is such remedy, the writ of mandate is not available.

[As to what the writ of *mandamus* is and when it is allowable, see note in 89 **Am. Dec.** 1728.]

PETITION for writ of mandate.  Alternative writ quashed and peremptory writ denied.

---

---

J. B. Hawley, Jas. De Haven and J. F. Ailshie, for Plaintiff.

The lower court cannot apportion costs in an action to quiet title to real estate. (Sec. 4903, Rev. Codes.)

All the material issues in this case were decided in favor of the defendant and that this is an action to quiet title to real estate. The supreme court of California in the case of *Sierra Union Water & Mining Co. v. Wolff*, 144 Cal. 430, 77 Pac. 1038, passed upon a statute identical with ours. (*Hoyt v. Hart*, 149 Cal. 722, 87 Pac. 569, 572; *Imperial Water Co. v. Wores*, 29 Cal. App. 253, 155 Pac. 124.)

The lower court has no discretion in this matter; we are entitled to costs as a matter of right. The case comes within provisions of subd. 5 of sec. 4901, Rev. Codes. Our client being the defendant is, by provisions of sec. 4903, given the same rights as the plaintiff where it has recovered a judgment in such an action. (*Ebner Gold Min, Co. v. Alaska-Juneau Gold Min. Co.*, 210 Fed. 599, 127 C. C. A. 235; *Weller v. Brown*, 25 Cal. App. 216, 143 Pac. 251; *F. A. Hihn Co. v. City of Santa Cruz*, 24 Cal. App. 365, 141 Pac. 391.)

G. W. Tannahill, for Defendant.

In this kind of an action, where both parties demand affirmative relief by affirmative defenses or cross-complaint, the matter of recovery of costs rests in the discretion of the lower court, and unless the lower court abuses that discretion, its judgment and decision will not be disturbed. (*Campbell v. First Nat. Bank*, 13 Ida. 95, 88 Pac. 639; *Simmons v. Simmons*, 23 Ida. 485, 130 Pac. 784; *Fix v. Gray*, 26 Ida. 19, 140 Pac. 771; *Wolfe v. Ridley*, 17 Ida. 173, 104 Pac. 1014, 20 Ann. Cas. 39; *Hoyt v. Hart*, 149 Cal. 722, 87 Pac. 569.)

Then if it be a legal question upon which courts might differ, as it undoubtedly is, it is a matter which could be corrected on appeal, and is not a case for application direct to this court for an alternative writ of mandate.

MORGAN, J.—This is an original proceeding wherein was sought and procured an alternative writ of mandate directed

to the defendant commanding him to make, sign and file findings of fact, conclusions of law and decree in case of *Cottonwood Water & Light Company, Limited, a Corporation, v. Saint Michael's Monastery, a Corporation,* heretofore decided by this court, 29 Ida. 761, 162 Pac. 242, and remanded with instructions to make findings and conclusions and enter a decree in conformity to the views therein expressed, or that he show cause, at a time and place stated in the writ, why he should not have done so. The defendant made answer and the case was submitted to the court upon the complaint, the answer and the affidavit of defendant's counsel.

It appears that after receiving our *remittitur,* in the case above mentioned, the defendant, as judge of the district court of the second judicial district, made findings of fact, conclusions of law and entered a decree in all particulars satisfactory to the plaintiff herein, except that no costs accruing in the district court were awarded. The purpose of this proceeding is to procure a correction of the decree in that particular.

The writ of mandate may be employed to require a court to enter a judgment in the exercise of its jurisdiction, but not to control its discretion or direct its decision. (*Board of Commrs. v. Mayhew,* 5 Ida. 572, 51 Pac. 411; *Pyke v. Steunenberg,* 5 Ida. 614, 51 Pac. 614; *Connolly v. Woods,* 13 Ida. 591, 92 Pac. 573; *Olden v. Paxton,* 27 Ida. 597, 150 Pac. 40; *Blackwell Lumber Co. v. Flynn,* 27 Ida. 632, 150 Pac. 42.)

A party considering himself aggrieved by the final judgment of a district court has his plain, speedy and adequate remedy at law by appeal to this court (Rev. Codes, sec. 4807, as amended by Sess. Laws 1915, p. 193), and where there is such remedy, the writ of mandate is not available. (Rev. Codes, sec. 4978; *Wright v. Kelley,* 4 Ida. 624, 43 Pac. 565; *Bellevue Water Co. v. Stockslager,* 4 Ida. 636, 43 Pac. 568; *State v. Whelan,* 6 Ida. 78, 53 Pac. 2; *Fraser v. Davis,* 29 Ida. 70, 156 Pac. 913, 158 Pac. 233; *People v. Judges of Ulster,* 1 Coleman's Cases (N. Y.), 118, *State v. Judge of Kenosha Circuit Court,* 3 Wis. 809; *Haney v. Muskegon County Circuit Judge,* 101 Mich. 392, 59 N. W. 662.)

The alternative writ is quashed and the peremptory writ denied.  Costs are awarded to defendant.

Rice, J., concurs.

Budge, C. J., dissents.

Petition for rehearing denied.