331 P.2d 263

Mary Ardella **FREEMAN**, Plaintiff,

v.

**Honorable Jack McQUADE**, Judge District Court for the Second Judicial District in and for the County of Latah, State of Idaho, Defendant.

No. 8696.

Supreme Court of Idaho.

Oct. 27, 1958.

Melvin J. Alsager, Moscow, for plaintiff.

Felton & Bielenberg, Moscow, for defendant.

PORTER, Justice.

This is an original proceeding in this court upon an application praying for writ of mandate directed to the above named defendant, commanding said defendant to grant plaintiff's motion for stay of proceedings in Case No. 8503 on file in the District Court of the Second Judicial District of the State of Idaho, in and for the County of Latah, and entitled "In the Matter of the Application of Mary Ardella Freeman for a Writ of Habeas Corpus". An alternative writ of mandate was issued by this court. Defendant filed his answer and return to such writ. Briefs have been filed by the respective parties and the matter has been presented orally. The cause has been finally submitted and is now before us for determination.

By her habeas corpus proceeding, Mary Ardella Freeman seeks to recover the custody of her two minor children, Vesta Ruth Freeman, 10 years of age, and Ester Elaine Freeman, 6 years of age, from one Vesta J. Hendrickson. Mrs. Freeman at all times involved herein has been a resident of the State of Tennessee. She has four other children in addition to the two children above mentioned. She has been separated from the father of such children since before the birth of Vesta Ruth Freeman. Mrs. Freeman gave Mrs. Hendrickson the custody of Vesta Ruth Freeman when such child was about 14 months old. The child, Ester Elaine Freeman, since her birth, has been in the custody of Mrs. Hendrickson.

In July, 1954, Mrs. Hendrickson moved from Tennessee to the State of Idaho where she has since resided, bringing the two children with her. In 1958, Mrs. Freeman came to Idaho and on April 2, filed the above described application for writ of habeas corpus seeking the custody of the two minor children. The cause was tried before the defendant district judge beginning on the 4th day of April, 1958, and continued for nearly one week, at which time the court took the matter under advisement.

On April 22, 1958, and prior to a decision of the cause on its merits, the defendant district judge entered an order whereby

such minor children were temporarily placed in the custody of the Children's Home Finding and Aid Society of North Idaho, Inc., at Lewiston, Idaho, there to be temporarily kept subject to the further order of the court.

On June 19, 1958, Mrs. Vesta J. Hendrickson, in open court, moved to have the two children taken out of the Lewiston Children's Home and to have their temporary custody given to Mrs. Hendrickson. Thereupon Mrs. Freeman, likewise in open court, moved for a stay of proceedings pending an appeal to the Supreme Court from the proposed final judgment in the cause awarding the custody of the two children to Mrs. Hendrickson.

On June 20, 1958, the motion of Mrs. Freeman for a stay of proceedings was reduced to writing and reads as follows:

"Comes Now, Mary Ardella Freeman, by and through her attorney of record, Melvin J. Alsager, and moves the Court for an order to set aside and withhold execution of its proposed Decree awarding to Vesta J. Hendrickson, Respondent, the minor children Vesta Ruth Freeman and Ester Elaine Freeman, now in the temporary custody of the Children's Home Finding and Aid Society of North Idaho, Lewiston, Idaho; and

"Further moves the Court for an order that the service of any future orders of this Court be set aside and that all matters remain in the Status Quo until petitioner can perfect her appeal to the Idaho Supreme Court.

"Dated this 20th day of June, 1958."

This written motion was not filed in the cause until July 3, 1958, at 4:30 o'clock p. m.

Plaintiff herein asserts that her oral motion for a stay of proceedings was in fact orally denied by the trial court. The record before us does not disclose any action by the trial court upon the oral motion for stay of proceedings and does not show that any action has ever been taken by the trial court either granting or denying the written motion for a stay of proceedings.

On June 26, 1958, the defendant district judge signed and filed an order whereby said minor children were ordered returned to the custody of Vesta J. Hendrickson pending the further order of the court. On July 3, 1958, at 11:48 a. m., the defendant signed and filed findings of fact, conclusions of law and decree awarding the custody and control of such minor children to Vesta J. Hendrickson.

On June 27, 1958, plaintiff filed her petition in this court praying for a writ of mandate directed to the defendant district judge commanding him to grant petitioner's motion for stay of proceedings pending an appeal to the Supreme Court. The alternative writ of mandate issued by this court upon

such petition was dated July 1, 1958, and served upon defendant on July 3, 1958, at 4:00 o'clock p. m.

Appeal to this Court has been taken by plaintiff from the final judgment of the trial court dated July 3, 1958.

It is the contention of plaintiff that she is entitled to a writ of mandate commanding the defendant district judge to stay proceedings in the habeas corpus action pending the outcome of an appeal to this court; such stay of proceedings to be effective as of June 19, 1958, the date of the oral motion for same, whereby the two minor children will be left in the care and custody of the Children's Home Finding and Aid Society of North Idaho pending the outcome of such appeal.

Section 7–302, I.C., in providing when a writ of mandate may be issued, reads in its material part as follows:

"It may be issued by any court except a justice's or probate court, to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station;".

■ Under this section this court has repeatedly held that mandamus will not lie unless party seeking it has clear legal right to have act done for which he seeks the writ and unless it is clear legal duty of officer to act; and will not lie to coerce or control discretion of the district court. ˙Board of Commissioners of Shoshone County v. Mayhew, 5 Idaho 572, 51 P. 411; Connolly v. Woods, 13 Idaho 591, 92 P. 573; Olden v. Paxton, 27 Idaho 597, 150 P. 40; Blackwell Lumber Co. v. Flynn, 27 Idaho 632, 150 P. 42; Saint Michael's Monastery v. Steele, 30 Idaho 609, 167 P. 349; Brooks v. Edgington, 40 Idaho 432, 233 P. 514; Logan v. Carter, 49 Idaho 393, 288 P. 424; Aker v. Aker, 51 Idaho 555, 8 P.2d 777; Vandenberg v. Welker, 74 Idaho 508, 264 P.2d 1029; Leuhrs v. Spaulding, Idaho, 328 P. 2d 582.

■ If we adopt plaintiff's contention that the record sufficiently shows a demand for a stay of proceedings and a refusal by defendant district judge to grant such relief [Leuhrs v. Spaulding, supra], the record discloses that plaintiff did not have a clear legal right to have such stay of proceedings and that it was not the clear legal duty of defendant district judge to grant such relief. The action of the trial judge in denying plaintiff's motion for stay of proceedings falls clearly within the exercise of the lawful discretion of the trial judge. Such discretion cannot be coerced or controlled by mandamus.

The alternative writ of mandate heretofore issued in this cause is hereby quashed and the application for a permanent writ

of mandate is hereby denied. Costs awarded to defendant.

KEETON, C. J., TAYLOR and SMITH, JJ., and SPEAR, D. J., concur.

McQUADE, J., not participating.