506 P.2d 1353

**Jean FELTON, Plaintiff,**

**v.**

**Watt E. PRATHER, Judge of the District Court of the First Judicial District of the State of Idaho, Defendant.**

**No. 11120.**

Supreme Court of Idaho.

Feb. 28, 1973.

J. H. Felton, Lewiston, for plaintiff.

Watt E. Prather, pro se.

SHEPARD, Justice.

This is an original proceeding seeking a writ of mandate directed to a district judge requiring him to take all steps necessary to enter final judgment in a pending matter, and further commanding the district judge to refrain from enforcing an order employing an engineer to make a survey in connection with that case. An alternative writ was improvidently granted and is hereby quashed.

There is now pending in the District Court of the First Judicial District, Benewah County, the case of Felton v. Drainage District # 1, Number 3859, which is a quiet title action involving a boundary dispute. District Judge Watt E. Prather entered a memorandum opinion ordering a survey to locate the boundary between the property of plaintiff Felton and the Drainage District. The Judge directed the parties to agree upon a surveyor within ten days and, absent such agreement, the court stated it would appoint a surveyor. On July 4, 1970, plaintiff's counsel advised the court that the parties had agreed that one Maher should perform the survey. Maher purportedly completed the survey.

After the case was reopened for additional evidence, Judge Prather issued a second memorandum opinion on July 19, 1971, affirming his original opinion and concluding that Maher's survey was incomplete because Maher had failed to describe the location of a certain ditch. The court directed plaintiff to complete the survey to include location of the ditch, and to show the boundary as the south edge of that ditch.

On September 9, 1971, plaintiff's counsel advised the court that Maher refused to complete the survey. The court then ordered that the parties had ten days to agree upon a new surveyor and, in the absence of such agreement, the court would appoint a surveyor. Plaintiff's counsel thereafter proposed one Rudd as surveyor, but the defendant advised the court that he would not accept Rudd as a surveyor. Nevertheless, plaintiff obtained a survey by Rudd which was submitted to the court on October 15, 1971. Defendant objected to Rudd's survey on the grounds that the court had never expressly or impliedly authorized the Rudd survey, and that the defendant had never accepted Rudd as surveyor.

A hearing was held on defendant's objections to the survey and the court determined that the Rudd survey was not conducted in compliance with the court's orders. The court further found that the Rudd survey was based on the *center* line of the aforesaid ditch when the court had expressly ordered the survey to be based upon the *south* side of the ditch. Accordingly, on March 9, 1972, Judge Prather appointed Bovay Engineers, of Spokane, Washington, to carry out the survey in conformity with the court's memorandum opinions.

Plaintiff objected to the order appointing Bovay Engineers and obtained a stay of that order pending her application to this Court for a writ of mandate. On May 26, 1972 this Court issued an alternative writ of mandate directing Judge Prather to take all steps toward entering final judgment in the cause and further ordering the judge not to enforce his order appointing Bovay Engineers as surveyors, or to show cause why the alternative writ should not be made permanent.

The law of Idaho governing the issuance of writs of mandate directed to district judges is clear:

"Section 7–302, I.C., in providing when a writ of mandate may be issued, reads in its material part as follows:

" 'It may be issued by any court except a justice's or probate court, to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station;'

"Under this section this court has repeatedly held that *mandamus will not lie unless party seeking it has clear legal right to have act done for which he*

*seeks the writ and unless it is clear legal duty of officer to act; and will not lie to coerce or control discretion of the district court.* Board of Commissioners of Shoshone County v. Mayhew, 5 Idaho 572, 51 P. 411; Connolly v. Woods, 13 Idaho 591, 92 P. 573; Olden v. Paxton, 27 Idaho 597, 150 P. 40; Blackwell Lumber Co. v. Flynn, 27 Idaho 632, 150 P. 42; Saint Michael's Monastery v. Steele, 30 Idaho 609, 167 P. 349; Brooks v. Edgington, 40 Idaho 432, 233 P. 514; Logan v. Carter, 49 Idaho 393, 288 P. 424; Aker v. Aker, 51 Idaho 555, 8 P.2d 777; Vandenberg v. Welker, 74 Idaho 508, 264 P.2d 1029; Leuhrs v. Spaulding, 80 Idaho 326, 328 P.2d 582." (Emphasis supplied) Freeman v. McQuade, 80 Idaho 387, 390, 331 P.2d 263, 265 (1958); *cited with approval in:* Allen v. Smylie, 92 Idaho 846, 452 P.2d 343 (1969).

It is also clear that mandamus will not issue to reverse orders of inferior courts when such courts are acting within their jurisdiction. Mandamus will not be permitted to supplant the function of an appeal or a writ of review. Radermacher v. Sutphen, 60 Idaho 529, 92 P.2d 1070 (1939).

Plaintiff's position regarding prompt entry of judgment is patently untenable because plaintiff herself blocked prompt entry of judgment in Felton v. Drainage District #1 by failing to comply with the court's orders regarding selection of a surveyor. Herein, plaintiff, in the face of defendant's protest, obtained the survey by Rudd and then asked the court to accept the results of that survey. Furthermore, Rudd's survey failed to comply with the court's explicit directions.

In the instant case the district judge was acting within his sound discretion when he ordered a survey of the lands in question to assist him in preparing his judgment, findings of fact and conclusions of law. Rule 53(a), I.R.C.P. A writ of mandate will not lie to control discretionary acts of courts acting within their jurisdiction. Freeman v. McQuade, *supra.*

 In this case the plaintfif has not met her burden of showing both that she has a legal right to a writ of mandate and that the district court had a legal duty to enter judgment. Freeman v. McQuade, *supra.*

The alternative writ of mandate was improvidently granted and it is hereby quashed. Costs to defendant.

DONALDSON, C. J., and McQUADE, McFADDEN and BAKES, JJ., concur.