THE STATE, EX REL. CHRISTOPHER MOONEY AND THOMAS SHEA, v. JOHN C. EDWARDS, JUSTICE, &c.

1. A writ of *mandamus* will not issue to compel a justice-of the peace, who has presided at a trial in the court for the trial of small causes, to alter the entry made in his docket of the date at which an appeal bond was filed and approved by him.

2. *Mandamus* issues to inferior officers and bodies to compel the performance, in a specified manner, of ministerial duties so plain in point of law and so clear in matter of fact that no element of discretion is left as to the precise mode of their performance; but as to all acts or duties depending upon a jurisdiction to decide questions of law or to ascertain matters of fact, on the part of the officer or body at whose hands their performance is required, *mandamus* will not lie. In such cases the writ will not issue to dictate in advance how the judicial discretion shall be exercised on the matter of fact decided, still less will it be allowed to disturb such determinations already reached.

3. The duty of receiving and filing papers in a cause and of making docket entries of the same is a ministerial duty on the part of the justice of the peace presiding in the court for the trial of small causes, but the entry of the dates at which a bond and affidavit were presented to him for the purposes of an appeal involves the determination of questions of fact, the entry of which by the justice cannot be regarded as a purely ministerial office.

On rule to show cause why a writ of *mandamus* should not issue.

Argued at February Term, 1889, before Justices MAGIE and GARRISON.

For the rule, *W. D. Campbell.*

*Contra, James Steen.*

The opinion of the court was delivered by

GARRISON, J. A *mandamus* is applied for in this case to be directed to a justice of the peace who presided at a trial between the parties hereto in the court for the trial of small causes, to compel him to alter his docket entry as to the date at which an appeal bond had been filed.

By section 137 of the Justices' Court act (*Rev., p.* 564), it is provided that, from any judgment which may be obtained before a justice of the peace, an appeal may be granted by the filing of an appeal bond, &c., provided, that where the judgment was rendered on the verdict of a jury no appeal shall be granted unless the party shall, at the time of taking the same, file with the justice an affidavit of certain tenor and effect.

This affidavit, it has been held, must be filed with the justice on the same day that the appeal bond is filed. *Coleman* v. *Warne,* 4 *Halst.* 290; *Parke* v. *Hunt,* 7 *Id.* 82; *Freas* v. *Jones,* 3 *Gr.* 20; *Van Campen* v. *Ribble,* 2 *Harr.* 433.

In the case now before us the parties were litigants in the court for the trial of small causes, before a justice of the peace of the county of Monmouth, in an attachment suit. A trial by jury was had, upon whose verdict a judgment for the plaintiff in attachment was rendered on August 17th, 1888.

The docket of the justice contains the following entries:

"August 17, 1888, the defendants applied for an appeal, which was granted, and gave bonds, which were filed by me and approved.

"August 18, 1888, affidavit of defendants filed by me."

These entries the relator declares to be erroneous in point of fact, and conceives that this court may, by its writ of *mandamus* to be directed to the said justice, command him to alter his docket so that it shall conform to what the relator avers is the fact, viz., that the bonds were filed upon August 18th, 1888, the day upon which, according to the docket, the affidavits were filed.

The respondent, while maintaining the accuracy of the justice's docket, contends, *in limine,* that, even supposing the justice's record to be erroneous, *mandamus* is not a proper remedy.

The jurisdiction by the writ of *mandamus* over inferior judicial tribunals is one so constantly applied, that its limitations are notorious and well defined. It is the proper remedy to compel inferior tribunals to exercise their functions and to

render *some* judgment in cases before them where, from delay or refusal to act, a failure of justice is apprehended. In cases of this nature the province of this writ is neither to direct what judgment shall be rendered by the tribunal to which it is addressed, nor to compel one in whom discretion is vested to act in any specified manner. Its function is to insure action where inaction prevails; to speed a cause which has fallen into judicial stagnation.

The contention of the relator, however, is, that the act here sought to be affected, viz., the entry in the justice's docket of the date of the filing of the appeal bonds, was a simple ministerial act which the justice performed as clerk of the court for the trial of small causes rather than as its judge.

The distinction thus made is a valid one, and lies at the foundation of the system of rules which regulate the use of this extraordinary writ. Stated in a general way, the distinction is, that the writ of *mandamus* will issue to compel the performance, in a specified manner, of ministerial duties so plain in point of law and so clear in matter of fact that no element of discretion is left as to the precise mode of their performance, but that as to all acts or duties depending upon a jurisdiction to decide questions of law or to ascertain matters of fact, on the part of the officer or body at whose hands their performance is required, *mandamus* will not lie. As a corollary to this latter clause, it may be added that, as the writ will not issue to dictate in advance how the discretion shall be exercised or the matter of fact decided, neither will it be allowed to disturb or override such determinations if already reached. *High Mand.* 177; *Shortt Mand.* 256.

How uniformly these principles have been applied by this court, will be best seen by a reference to the cases in which the writ has been allowed. *Forman* v. *Murphy, Penn.* 1024; *Anonymous, Id.* 664; *State* v. *Holliday,* 3 *Halst.* 205; *Terhune* v. *Barcalow,* 6 *Id. 38; Stryker* v. *Skillman,* 2 *Gr.* 189; *Laird* v. *Abrahams,* 3 *Id.* 22; *In re Trenton Water Power Co., Spen.* 659; *Vanderveer* v. *Conover,* 1 *Harr.* 271; *Matter of Highway,* 3 *Id.* 291; *Cortelyou* v. *Ten Eyck,* 2 *Zab.* 45; *State*

v. *Hammell,* 2 *Vroom* 446; *State* v. *Gall,* 3 *Id.* 285. And to those in which it has been refused. *Anonymous, Penn.* 579; *Squier* v. *Gale,* 1 *Halst.* 157; *Anonymous,* 2 *Id.* 160; *Roberts* v. *Holsworth,* 5 *Id.* 57; *DeWit* v. *Decker,* 4 *Id.* 149; *Hankins* v. *Bennett,* 7 *Id.* 179; *Jones* v. *Allen,* 1 *Gr.* 97; *Blanchard's Case,* 3 *Id.* 478; *Prickell's Case, Spen.* 134; *Wells* v. *Stackhouse,* 2 *Harr.* .355; *Stout* v. *Hopping, Id.* 471; *Johnson* v. *Field, Id.* 473; *Ferris* v. *Maun,* 2 *Zab.* 161; *State* v. *Freeholders of Essex,* 3 *Id.* 214; *State* v. *Jacobus,* 2 *Dutcher* 135; *Sinnickson* v. *Corwine, Id.* 311; *Newark* v. *Board of Education,* 1 *Vroom* 374; *State* v. *Warren Foundry and Machine Co.,* 3 *Id.* 439; *State* v. *Powless,* 8 *Id.* 145; *Ricardo* v. *Passaic Pleas,* 9 *Id.* 182; *Benedict* v. *Howell,* 10 *Id.* 221; *O'Donnel* v. *Dusman, Id.* 677; *Drake* v. *Camp,* 16 *Id.* 293.

To the rule as thus laid down the remedy sought by this application would, it seems to me, do violence in two respects: First, it seeks to overturn the determination already reached by the justice as to the date at which the appeal bond was filed with him; and, secondly, it asks us, in advance, to dictate to him just what determination he shall reach when the matter shall be again before him. His function was not purely ministerial. The date at which the bond was filed, whether upon the same day that the affidavit was, or upon a different day, lies at the very foundation of the right of appeal in litigation of this class. Jurisdiction to determine this fact, in the first instance, must vest somewhere, and, by the statute and immemorial practice under it, this jurisdiction has been vested in the justice who tried the cause. *Anonymous,* 1 *Halst.* 230; *Miller* v. *Martin,* 3 *Id.* 201; *Coleman* v. *Warne,* 4 *Id.* 290. Should he decline to receive a proper affidavit or bond, or refuse to make any entry or return of the same, he would be neglecting a plain duty ministerial in nature, and could, by *mandamus,* be compelled to perform these functions of his office. But when he has entered in his docket the date at which the bond for appeal was approved and filed by him, he has performed the duties imposed upon him by statute,

and *mandamus* will not lie at the instance of one who desires to challenge the correctness of the record thus made.

The mere docketing of papers in a cause is, in one sense, a ministerial duty, but the entry of the specific date of the filing of the bond is a determination by the proper tribunal of the fact as to the time when the same was presented for the purposes of appeal; it thus involves the ascertainment and record of a question of fact, the entry of which cannot be regarded as a purely ministerial act.

Substantially this same question was considered in the case of *Rex* v. *Hewes*, 3 *Ad. & E.* 725. In that case Hewes was indicted for the malicious killing of three mares by mixing in their mess a deadly poison called bryony root, of which the mares died. At the trial in the Sessions the jury returned a verdict in these words: "Guilty by mischance," which the clerk of the peace entered in his minute book. At the suggestion of counsel for the crown, the jury were told that they must find a verdict of guilty or not guilty. They retired and came in later with a verdict "Guilty, but recommended to mercy," explaining, in response to an interrogatory of the court, "We recommend to mercy upon the ground that he did not do it with malicious intent but did it to benefit the condition of the horses." The clerk entered this second verdict in lieu of the former, but without the explanation.

The defendant having been sentenced to two years' imprisonment, his counsel (as a preliminary) obtained a rule calling on the justices and clerk of the peace to show cause why a *mandamus* should not issue commanding them to cancel the alterations made by the clerk in the minutes of said verdict, or to alter the minutes of the verdict according to fact.

The judges of King's Bench, with one voice, denied the writ, Patterson, J., saying: "No authority has been cited in support of this motion, and we cannot extend our jurisdiction;" Williams, J.: "This court will not grant a *mandamus* to the Sessions for the purpose of prescribing in what manner they shall direct their inquiry," and Littledale, J.: "We have

no power to do what is asked.  *  *  *  If we are to exercise it the legislature must give it to us."

Since its determination Rex v. Hewes has been cited, with unvarying approval, in those jurisdictions which deal with the writ of *mandamus* on common law principles.

In our own state, it is cited in *Davis* v. *Delaware,* 13 *Vroom* 513, 517, and in the case of *Benedict* v. *Howell,* 10 *Id.* 221, where the leading authorities upon this whole subject are collected and commented upon in the opinion of Mr. Justice Depue.

The only jurisdiction in which, so far as I have been able to ascertain, a different view is entertained, is Connecticut. *Smith* v. *Moore,* 38 *Conn.* 105, raised the identical point involved in the present case.  In that case, the justice of the peace who tried the cause entered in his docket that "the parties appeared and the plaintiff was non-suited or withdrew his case and paid cost to defendant."  The Supreme Court of Errors, on proofs taken under an alternative *mandamus,* found as a fact that judgment had been given by the justice for the defendant, and allowed a peremptory writ commanding the justice to alter his return in accordance with the state of facts so found.

The only authority referred to in the opinion of the court is *Boston Turnpike Co.* v. *Pomfort,* 20 *Conn.* 590.  The question in that case was, whether a town clerk could legally amend an entry in his record book.  The incidental reference made by the judge writing the opinion to the propriety of the remedy by *mandamus* in such cases was pure *dictum*—as such a remedy was not applied for.  And as the reasoning of the case is not a whit more convincing than this authority, it must stand as having been decided upon the hardship of the individual case.

Upon both principle and authority, we think that the writ in the present case must be refused, and the rule to show cause dismissed, with costs.